EXHIBIT A

| | |
|---|---|
| **J. FINE LAW GROUP, P.C.**<br>BY:   Joseph LaRosa, Esquire<br>Attorney ID#: 82452<br>1628 John F. Kennedy Blvd., Suite 2120<br>Philadelphia, PA 19103<br>(267) 888-2960<br>jason@jfinelaw.com | Attorney for Plaintiff<br>Felicia Skalecki |

*Filed and Attested by the Office of Judicial Records 29 JUN 2023 02:59 pm C. PERRY*

| | |
|---|---|
| **FELICIA SKALECKI**<br>2034 Bayless Place<br>Eagleville, PA 19403<br>           Plaintiff,<br>   vs.<br><br>**LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a/ LABCORP**<br>531 South Spring Street<br>Burlington, NC 27215<br>    and<br>**JANE DOE**<br>123 Main Street<br>Anywhere, PA | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL LAW DIVISION<br><br>TERM, 2023<br>No.:<br><br><br>MAJOR NON-JURY CASE<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED |

## **NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the Claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing it in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint of for any other claim or relief by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF OYU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET NO
LEGAL HELP

   PHILADELPHIA BAR ASSOCIATION
   Lawyer Referral And Information Service
   1101 Market Street, 11th Floor
   Philadelphia, PA 19107

Le han damamdado a usted en la corta. Sl usted quiere defenderse de estas demandas expuestas en las paginas las sigulenter, ested teina veinte (20) dias de plazo al partir de la fecha de la demanda y las notification. Hace faita asentar una comparencia escitta o an parsona o cun un abogado y entregar a la corte en forma escrita sus defenses o sus objecioues a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la cortra suya sin previo aviso o notification. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisones de esta demanda. Usted puede prderdinero o sus propiedades u otros derachos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI

TIENE EL DINERO SUFICIENE DE PAGART TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONE A LA OFICINO CUYA DIRECCION ENCUENTRA ESCRITA ABAJO PARA AVERIGUA DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Information Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107

Case ID: 230602968

## CIVIL ACTION COMPLAINT

1. Plaintiff, Felicia Skalecki, is an adult individual residing at the above captioned address.

2. Defendant, Laboratory Corporation of America Holdings, doing business as Labcorp, is a multi-national corporation with a headquarters/principal place of business at the dress listed above.

3. Defendant, Jane Doe, is an adult individual with a place of employment located at 534 2nd Avenue, Suite 104, Collegeville, PA.

4. Venue and jurisdiction are appropriate in the Commonwealth of Pennsylvania, Philadelphia County, as defendant, Labcorp, does systematic and regular business at various Philadelphia locations, including 816 Chestnut Street, Philadelphia, PA.

5. At all times material hereto, Defendant LabCorp employed agents, servants and employees who possess skill, training and diligence for the sole and exclusive purpose of providing blood laboratory and phlebotomy services to the general public.

6. At all times relevant hereto, Defendant Jane Doe was an agent, servant and/or employee of Defendants LabCorp, acting within the nature and scope of her employment with the aforesaid Defendants.

7. Any negligent act or omission committed by Defendant Jane Doe imposes liability upon Defendant LabCorp under the laws of agency of the Commonwealth of Pennsylvania.

8. On or about July 28, 2021, Plaintiff went to Defendant's laboratory located at 534 2nd Avenue, Suite 104, Collegeville, PA, to have blood drawn.

9. Defendant Jane Doe was the technician and/or phlebotomist who performed the procedure on Plaintiff.

10. Immediately upon insertion of the needles in Plaintiff's left arm, Plaintiff fell intense burning, shock, and pain in her left arm.

11. The pain and burning lasted the entire time blood was being drawn.

12. The pain did not subside when the needle was withdrawn.

13. As a direct and proximate result of the negligence and carelessness of the defendants named herein, Plaintiff suffered permanent internal and external injuries, which rendered her sick, sore, lame, and disabled. She was hurt, wounded, and bruised in and about her left arm, left hand and body, and Plaintiff is suffering from various conditions including, but not limited to: nerve damage to her left arm.

14. As a further result of the negligence and carelessness of the defendants named herein, Plaintiff has been required to incur expenses for necessary and reasonable medical treatment for her aforesaid injuries in the past and into the future.

15. As a further result of this accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

16. As a further result of the accident, Plaintiff has or may continue in the future incur other financial expenses or losses to which she may be otherwise be entitled to recover.

17. As a further result of the incident, Plaintiff, has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

18. The aforesaid accident resulted solely from the negligence and carelessness of defendants and in no manner whatsoever to any act or failure to act on the part of plaintiff,

Felicia Skalecki.

## COUNT I - NEGLIGENCE
## FELICIA SKALECKI v. LABCORP

19. Plaintiff incorporates by reference paragraphs one through eighteen (1-18).

20. At all times pertinent hereto, Defendant Jane Doe, and the laboratory technicians, staff, management, and like personnel rendering phlebotomy services to Plaintiff were acting as the sole or joint agents, servants and employees of Defendant LabCorp Holdings.

21. At all times material hereto, Defendant Jane Doe were the employees, agents, and/or ostensible agents of Defendant LabCorp and were acting in the course and scope of their employment.

22. At all times relevant to this action, Defendant Jane Doe was an employee of Labcorp.

23. Defendant LabCorp had a duty and obligation to Plaintiff, as a patient in its facility, to exercise reasonable care in appointment and re-appointment of members of its staff.

24. Defendant LabCorp also had a duty and obligation to supervise and monitor the administration of phlebotomy services by members of its staff.

25. It is believed and, therefore, averred that Defendant Jane Doe did not possess the requisite training, experience, technical skills and judgment to render proper services to Plaintiff.

26. Defendant LabCorp was negligent in failing to properly and truly determine the qualifications and proficiencies of Defendant Jane Doe prior to hiring her and permitting her to remain as a member of its staff of phlebotomists and/or technicians.

27. It is believed and, therefore, averred that Defendant LabCorp Holdings was negligent in failing to supervise and monitor the blood draw performed on Plaintiff by Defendant Jane Doe while she was a customer in its facility, when it knew or should have known that he did

not possess the requisite training, experience, technical skills and judgment to properly perform a blood draw on Plaintiff's left arm.

28.  In the services rendered to Plaintiff, Defendant LabCorp was negligent, in the following particular respects:

- a. failing to render reasonable phlebotomy care as described herein;
- b. failing to exercise the skill and care required of a phlebotomist and/or technician;
- c. failing to properly insert the needle into the vein of Plaintiff's left arm;
- d. failing to remove the needle despite that he improperly inserted the needle;
- e. failing to remove the needle when requested by Plaintiff;
- f. failing to remove the needle despite injury to Plaintiff;
- g. using excessive force in the insertion of the needle for the blood draw;
- h. performing a blood draw without adequate training in the proper procedure for doing so in a safe and prudent manner so as not to cause injury to the Plaintiff;
- i. continuing to perform a blood draw when Defendant Jane Doe knew that it unreasonably subjected the Plaintiff to a significant risk of physical injury;
- j. failure to hire individuals with the requisite expertise, training and judgment for performing blood draws;
- k. failing to recognize the negligent and improper techniques used by Defendant Jane Doe prior to Plaintiff's accident and failing to remove Defendant Jane Doe from its staff before Defendant Jane Doe could cause the harm to which he subjected Plaintiff;
- l. failing to supervise properly those phlebotomists and technicians working at the LabCorp located at 534 2nd Avenue, Suite 104, Collegeville, PA, all of whom were acting at Defendant's direction, and were subject to its control and/or right

Case ID: 230602968

   of control at all times relevant to this case;

 m. failing to formulate and implement a proper training program for phlebotomists and/or blood drawing technicians on its staff; and

 n. such other acts or omissions as may be uncovered during discovery or at the trial of this matter.

29. The aforementioned acts and omissions on the part of Defendants were carelessly and negligently done and increased the risk of harm, injuries and damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT II
## PLAINTIFF V. JANE DOE

30. Plaintiff incorporates by reference paragraphs one through twenty-nine.

31. At all times pertinent hereto, Defendant Jane Doe and the laboratory technicians, staff, management, and like personnel rendering phlebotomy services to Plaintiff were acting as the sole or joint agents, servants and employees of Defendant LabCorp and/or LabCorp, in the course and scope of their employment.

32. In the services rendered to Plaintiff, Defendant Jane Doe was negligent and careless in the following particular respects:

 a. failing to render reasonable phlebotomy care as described herein;

 b. failing to exercise the skill and care required of a phlebotomist and/or technician;

Case ID: 230602968

c. failing to properly insert the needle into the vein of Plaintiff's left arm;

d. failing to remove the needle despite that he improperly inserted the needle;

e. failing to remove the needle when requested by Plaintiff;

f. failing to remove the needle despite injury to Plaintiff;

g. using excessive force in the insertion of the needle for the blood draw;

h. performing a blood draw without adequate training in the proper procedure for doing so in a safe and prudent manner so as not to cause injury to the Plaintiff;

i. continuing to perform a blood draw when Defendant Jane Doe knew that it unreasonably subjected the Plaintiff to a significant risk of physical injury; and

j. such other acts or omissions as may be uncovered during discovery or at the trial of this matter.

33. The aforementioned acts and omissions on the part of Defendant Jane Doe caused the injuries, losses, and damages suffered by Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

        **Respectfully submitted,**

        **J. FINE LAW GROUP, P.C.**

By: _____
        **JOSEPH LaROSA, ESQUIRE**
        Attorney for Plaintiff,
        Felicia Skalecki

## VERIFICATION

I, __Felicia Skalecki__, having read the attached Complaint, verifies that the within pleadings are based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DocuSigned by:
_Felicia Skalecki_
A85612CB6AA64E2...
Client's Name

Case ID: 230602968